VICTOR MARRERO, U.S.D.J.:
Petitioner Texas Health Management LLC ( "THM") brought this action to vacate an arbitration award entered against THM and in favor of respondent HealthSpring Life & Health Insurance Company LLC ("HealthSpring"). (See"Petition," Dkt. No. 1; "Motion to Vacate Arbitration Award," Dkt. No. 6; "Pet. Mem. of Law," Dkt No. 7.) THM is a Texas-based company that provided healthcare services for HealthSpring, which operates health insurance plans in several states. (See Pet. Mem. of Law at 1.) The arbitration underlying this action (the "Arbitration") arose from a contract dispute, and the arbitrator found in favor *816 of HealthSpring, awarding monetary damages to HealthSpring and dismissing all of THM's claims. (See id. at 18.)
By letter dated June 1, 2018, HealthSpring requested that the Court order that certain documents filed by Petitioner be sealed and noted that the parties are presently involved in litigation in the United States District Court for the Eastern District of Texas over certain issues arising from the Arbitration. (See"June 1 Letter," Dkt. No 11); HealthSpring Life & Health Ins. Co., Inc. v. Texas Health Mgmt. LLC, No. 4:18-cv-242 (E.D. Tex.) (the "Texas Action"). By letter dated June 7, 2018, THM responded to the June 1 Letter, arguing that HealthSpring should raise any challenges to the venue of this action in a formal motion. (See"June 7 Letter," Dkt. No. 12.)
By letter dated June 8, 2018, HealthSpring seeks leave to file a motion to, among other things, transfer this action to the Eastern District of Texas. (See"June 8 Letter," Dkt. No. 15.) HealthSpring argues that the case should be transferred to the Eastern District of Texas under the so-called "first-filed rule" because: THM commenced this action after the Texas Action was already proceeding, the two cases involve the same parties, and both cases regard issues arising from the Arbitration. (See id. at 3.) On June 12, 2018, the Court held a telephone conference with the parties and heard arguments regarding the proper venue for this action. (See Dkt. Minute Entry for 6/12/2018.)
"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. Section 1404(a). After first determining that the action could have been brought in the transferee court, a court will then consider several factors relating to the convenience of transfer and the interest of justice in evaluating whether transfer is warranted. See In re Collins & Aikman Corp. Sec. Litig., 438 F.Supp.2d 392, 394 (S.D.N.Y. 2006). These factors include the convenience of witnesses and the parties, the location of relevant evidence, the locus of operative facts, and the efficiency of a potential trial. See id.
Though the moving party generally bears the burden of showing that transfer is warranted, see In re Nematron Corp. Sec. Litig., 30 F.Supp.2d 397, 400 (S.D.N.Y. 1998), the first-filed rule creates a presumption that where there are two suits raising substantially similar issues between the same parties, "the first suit should have priority," New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 112 (2d Cir. 2010) (citation omitted). The first-filed rule is inapplicable only where special circumstances exist, such as manipulative or deceptive practices on the part of the first-filing litigant, or where the factors weighing the convenience of transfer and the interest of justice favor litigation in the second-filed district.
The Court is persuaded that this action should be transferred to the Eastern District of Texas pursuant to 28 U.S.C. Section 1404(a). Assuming that the federal courts have subject matter jurisdiction over this case, there is no dispute that it could have been filed in the Eastern District of Texas. Additionally, the first-filed rule creates a presumption that the case should be transferred to the Eastern District of Texas. First, the Texas Action, which was removed to federal court on April 6, 2018, was filed before the instant one, which commenced on May 22, 2018. Second, both actions involve the same parties litigating substantially similar issues. At bottom, both actions seek adjudication of the enforceability of the same arbitration award. Additionally, HealthSpring raises identical challenges to federal court subject matter jurisdiction in both actions, *817 which, in each action, THM asserts exists on the same grounds. (See Texas Action, Dkt. No. 1 ¶ 18; Pet. Mem. of Law at 20.)
THM does not allege that special circumstances preclude the application of the first-filed rule. Instead, THM argues that litigating this case in this District would be more convenient and cost-effective for THM. However, that consideration cannot outweigh the litigation efficiencies gained by adjudicating the two cases, which raise substantially similar issues, in the same district.
Accordingly, it is hereby
ORDERED that in the interest of justice, the maximum convenience to the parties and witnesses, and the efficient management of this Court's docket, the Clerk of Court is directed to transfer this case to the Eastern District of Texas pursuant to 28 U.S.C. Section 1404(a).
SO ORDERED: